UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

STEVEN MOSINSKI,

                Plaintiff,                **COMPLAINT**

           -against-                Plaintiff demands trial by jury of all
                                                          issues so triable.

MICHAEL J. ASTRUE,
Commissioner, Social Security Administration,

                Defendant.

------------------------------------------------------------x

      Plaintiff STEVEN MOSINSKI, by his attorney Richard A. Altman, for his complaint against defendant, alleges as follows:

      1. This is an action seeking a determination of disability, and an award of Social Security Disability benefits from the Social Security Administration ("SSA").

      2. It follows the denial of plaintiff's appeal to the SSA's Appeals Council, from prior determinations of an Administrative Law Judge.

      3. Plaintiff brings this action to obtain these benefits for himself and his family, based upon his inability to engage in substantial, gainful activity, by reason of a medically determinable physical impairment that has lasted for a continuous period of not less than twelve months, pursuant to 42 U.S.C. § 423(d)(1).

## THE PARTIES

      4. Plaintiff Steven Mosinski is a resident of Stone Ridge, Ulster County, State of New York.

5. Plaintiff is by profession a flower designer and arranger, and, with his wife, operates a business of providing arrangements for large private and corporate events, weddings, parties and the like.

6. Such work is strenuous physical labor, in that it requires ordering, moving and assemblage of large quantities of floral and other materials into vases and other containers, the packing of the materials into trucks and vans, delivery to the site of the event, and the retrieval of materials and the cleaning up and restoration of the site after the event.

7. Plaintiff is physically unable to perform these tasks alone, and requires the aid of his wife and the hiring of assistants.

8. Defendant Michael J. Astrue is the present Commissioner of Social Security and has the primary responsibility for the Social Security Administration and enforcement of its laws, rules and regulations.

## JURISDICTION AND VENUE

9. This Court has jurisdiction of this claim pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1331(a).

10. Venue is proper in this district pursuant to 42 U.S.C. § 405(g), in that plaintiff resides in this district.

11. This action is timely, pursuant to 42 U.S.C. § 405(g), in that it is being commenced within sixty days of the date of the decision of the Appeals Council.

## PROCEDURAL HISTORY AND STATEMENT OF CLAIM

12. For over twenty-one years, plaintiff has suffered from Crohn's Disease, which is a chronic and painful inflammation of the large intestine and bowel.

13. The condition has been diagnosed many times by qualified physicians, and has over the years frequently prevented plaintiff from engaging in substantial gainful employment.

14. Plaintiff has had stem cell implantation to alleviate the condition, but the treatment had only limited success, and his condition is essentially chronic and permanent.

15. The condition requires that plaintiff have frequent access to private bathroom facilities, and frequent need for rest periods.

16. Because of this, plaintiff does the bulk of his work from his home office.

17. Plaintiff filed with SSA an initial application for a determination of a period of disability, for disability insurance benefits, and for Supplemental Security Income benefits, on or about December 8, 2005.

18. The claim was initially denied on July 3, 2006.

19. Plaintiff then filed a timely written request for a hearing

20. The SSA held a hearing on plaintiff's application on April 1, 2008 in Poughkeepsie, New York.

21. Following the hearing, on May 19, 2008 the SSA hearing officer found that plaintiff was disabled from July 26, 2002 through July 31, 2003.

22. The hearing officer further found that, apparently abruptly on the following day, August 1, 2003, a medical improvement suddenly occurred, and that plaintiff was thereafter able to perform substantial gainful activity.

23. The finding of the hearing officer was arbitrary and capricious, and was contrary to the evidence.

24. On June 26, 2008, the SSA hearing officer issued an amended decision, ruling that, even though plaintiff had been disabled for one year, he was nonetheless not entitled to benefits for that period of disability.

25. The reason stated was that plaintiff's application for benefits had been filed in 2005, and that inasmuch as he was only entitled to benefits for the previous year, and that would have been two years after plaintiff's disability supposedly abruptly terminated, he was not entitled to benefits.

26. Plaintiff then filed a timely appeal with the SSA Appeals Council on or about August 28, 2009, and his counsel submitted a three-page letter raising legal and factual arguments.

27. The issues raised in the appeal were that, first, the conclusion as to the abrupt termination of plaintiff's disability was arbitrary and capricious, and that it gave complete and unwarranted deference to the opinions of two physicians who never even examined plaintiff, neither of whom was his primary care physician.

28. Second, plaintiff argued that he was still unable to engage in substantial gainful work activity after August 1, 2003 and that he had produced medical evidence to so demonstrate.

29. Third, plaintiff argued that the nature of plaintiff's work as described by the hearing officer was significantly different from, and far less strenuous than, the actual work as he performed it.

30. Fourth, plaintiff argued that the hearing officer's conclusion that plaintiff's disability abruptly ended on August 1, 2003 was contrary to the medical records in evidence, and contrary to well-established medical literature on the subject.

31. By decision dated July 7, 2009, the Appeals Council denied plaintiff's request for review and upheld the denial of any benefits to him.

32. Its sole holding was that the information provided by the plaintiff and his counsel "does not provide a basis for changing the Administrative Law Judge's decision."

33. No other analysis or explanation whatsoever is contained in the Notice of Appeals Council Action.

34. The decision of the Appeals Council is final, and plaintiff has exhausted his administrative remedies.

35. This action is being timely commenced, within 60 days of the Appeals Council decision.

WHEREFORE, plaintiff requests relief as follows:

1  That this Court reverse the holding of the Social Security Administration and adjudge, decree and declare that plaintiff is permanently disabled under, *inter alia*, §§ 216(i), 223(d) and 1614(a)(3)(A) of the Social Security Act, and regulations adapted pursuant thereto, and that plaintiff is entitled to disability insurance benefits pursuant thereto, commencing one year before he filed his initial application.

2. That plaintiff be awarded retroactive benefits commencing from December 2004.

3. That plaintiff be awarded the costs and disbursements of this action, including a reasonable attorney's fee, and such further relief to which he may be entitled and as may be just.

Dated: New York, New York
         August 18, 2009

                                        RICHARD A. ALTMAN
                                        Attorney for Plaintiff
                                        285 West Fourth Street
                                        New York, New York 10014
                                        212.633.0123
                                        altmanlaw@earthlink.net
                                        Bar No. 514451