**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**STEVEN MOSINSKI,**

                **Plaintiff,**                **1:09-cv-944**
                                                        **(GLS/VEB)**
          **v.**

**MICHAEL J. ASTRUE,** Commissioner
of Social Security,

                **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Office of Richard A. Altman | RICHARD A. ALTMAN, ESQ. |
| 285 West Fourth Street | |
| New York, NY 10014 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | PETER W. JEWETT |
| United States Attorney | MICHELLE L. CHRIST |
| 445 Broadway | Special Assistant U.S. Attorneys |
| James T. Foley U.S. Courthouse | |
| Albany, NY 12207-2924 | |
| | |
| STEPHEN P. CONTE | |
| Regional Chief Counsel | |
| Social Security Administration | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe**

**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Steven Mosinski challenges the Commissioner of Social Security's denial of supplemental security income (SSI) and disability insurance benefits (DIB) pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). (Dkt. No. 23.)  In a Report and Recommendation (R&R) filed March 7, 2011, Magistrate Judge Victor E. Bianchini recommended that the decision of the Commissioner be affirmed.[1]  Pending are Mosinski's objections to the R&R.  (Dkt. No. 23.)  Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the R&R in its entirety.

### II. Standards of Review

**A.   Report and Recommendation**

By statute and rule, district courts are authorized to refer social security petitions to magistrate judges for proposed findings and recommendations regarding disposition.  *See* 28 U.S.C. § 636(b)(1)(A),

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

(B); N.D.N.Y. L.R. 40.1, 72.3(d); Gen. Order No. 18.  Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge.  If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo.  *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error.  *See id.*

**B.    Commissioner's Decision**

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g) is well established and will not be repeated here.  For a full discussion of the standard and the five-step process used by the Commissioner in evaluating whether a claimant is disabled under the Act, the court refers the parties to its previous opinion in *Christiana v. Comm'r Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

### III.  Objections

3

**A.     Per Se Disability**

In the R&R, Judge Bianchini affirmed the Commissioner's determination that Crohn's disease was a severe impairment, but that, as a result of a medical improvement following non-embryonic stem cell treatment, Mosinski was no longer disabled.  (*See* R&R at 8, Dkt. No. 22.)  In his objections, Mosinski reasserts the argument rejected by Judge Bianchini that the ALJ erred in failing to find that Crohn's disease is per se disabling.  (*See* Pl. Objections at 3-6, Dkt. No. 23.)  The court notes, as did Judge Bianchini, that Mosinski has "offered no support for his claim that Crohn's disease is disabling per se."  (R&R at 13, Dkt. No. 22.)  Thus, upon de novo review, and for the reasons thoroughly articulated in the R&R, (*see id.* at 8-13), the court affirms the ALJ's finding of medical improvement.

**B.     Supporting Opinion of Non-Treating Physician**

In affirming the ALJ's determination of medical improvement, Judge Bianchini relied upon testimony in the record of non-examining state agency review physician Donna M. White.  (See *id.* at 12.)  Mosinski objects to this reliance and asserts that it "place[s] unwarranted weight upon the findings of Dr. White."  (*See* Pl. Objections at 6, Dkt. No. 23.)  Additionally, Mosinski notes that because Dr. White never examined him,

4

"her opinion is entitled to no weight at all."[2] (*See id.* at 7.) However, as Judge Bianchini correctly observed, "[i]t is well settled that an ALJ is entitled to rely upon the opinions of both examining and non-examining State agency medical consultants, since such consultants are deemed to be qualified experts in the field of social security disability." (R&R at 12, Dkt. No. 22 (citing 20 C.F.R. §§ 404.1512(b)(6), 404.1513(c), 404.1527(f)(2), 416.912(b)(6), 416.913(c), and 416.927(f)(2)).) Accordingly, discerning no error in Judge Bianchini's reliance on Dr. White's findings, the court adopts the portion of the R&R affirming the ALJ's medical improvement determination.

## C.     Residual Functional Capacity

In assessing the appropriateness of the ALJ's residual functional capacity (RFC) determination, Judge Bianchini found that the "RFC is supported by substantial evidence and in accord with applicable law." (R&R at 17, Dkt. No. 22.) Mosinski objects to this finding, arguing that his

---

[2] In supplementing his objections, Mosinski submitted a letter bringing to the court's attention the recent decision in *Tarsia v. Astrue*, No. 10-610-cv, 2011 WL 1313699 (2d Cir. Apr. 7, 2011), which held that a medical opinion of a non-treating physician that is "not 'supported by evidence of record' as required to override the opinion of [a] treating physician" should not be given weight. *Id.* at *2. The court notes, however, that this case is distinguishable from Mosinski's. Here, the testimony of the non-treating physician was considered in "[f]urther support" of the documented reports provided by the other three treating physicians, (see R&R at 11-12, Dkt. No. 22), rather than in contradiction to those reports.

occupation as a "floral designer" involved a "far more difficult and physically strenuous series of tasks than that described in the Dictionary of Occupational Titles (DOT)," and therefore that the DOT definition "has no application to the work as he [actually] does it." (Pl. Objections at 8, Dkt. No. 23.)

The court concurs with Judge Bianchini that Mosinski's argument in this respect is meritless. It is well established that "in the fourth stage of the SSI inquiry, the claimant has the burden to show an inability to return to [his] previous specific job *and an inability to perform [his] past relevant work generally.*" *Jasinski v. Barnhart*, 341 F.3d 182, 185 (2d Cir. 2003) (emphasis added); Social Security Ruling 82-62, 1982 WL 31386 (S.S.A. 1982). In this regard, Mosinski has failed to establish that he is unable to perform his work as it is generally performed with a "light level of exertion." (*See* R&R at 16, Dkt. No. 22.)

Furthermore, as Judge Bianchini highlighted, substantial evidence undermines Mosinski's complaints regarding his limitations. (*See id.* at 17.) Three separate doctors examined Mosinski after his non-embryonic stem cell transplant and concluded that his Crohn's disease was greatly improved. (*See id.* at 11-12.) First, Dr. Robert Craig, a doctor with the

6

Department of Gastroenterology at Northwestern University, stated that Mosinski was "considerably better than a year ago," and noted that Mosinski had only "mild signs of active Crohn's disease." (Tr. at 132, 219.) Second, treating physician Dr. Rodney Camp opined that Mosinski's Crohn's disease was mild, and that Mosinski was able to "stand/walk for up to 6 hours per day, sit for up to 6 hours per day, had no limitations with regard to pushing and/or pulling, and no postural, manipulative, visual, communicative, or environmental limitations." (Tr. at 268, 273.) And third, Dr. Soo Park, after performing a consultative examination, determined that Mosinski suffered "no limitation as to lifting, bending, walking, standing, carrying, and going up stairs." (Tr. at 283.) Also consistent with these opinions is the opinion of non-examining physician Donna White, who "noted no documented episodes of obstruction or weight loss ... [and] that [Mosinski] could lift/carry 20 pounds occasionally, stand/walk for about 6 hours in an 8-hour workday." (Tr. at 286.)

Accordingly, the court adopts the portion of the R&R recommending that the ALJ's RFC determination as to Mosinski's ability to perform light work be affirmed.

### IV. **Conclusion**

7

Having reviewed Mosinski's specific objections de novo, and otherwise finding no clear error in the R&R, the court accepts and adopts Judge Bianchini's R&R in its entirety.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Bianchini's March 7, 2011 Report and Recommendation (Dkt. No. 22) is **ADOPTED**, the decision of the Commissioner is **AFFIRMED**, and Mosinski's complaint is **DISMISSED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

June 28, 2011
Albany, New York

Gary L. Sharpe
U.S. District Judge

8